UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NURAKHMED ZHUMABAI UULU,

Petitioner,

v.

ANDRE QUINONES, *et al.*,

Respondents.

Case No. C26-4402-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED in part. Federal Respondents have expressed their non-opposition to Petitioner Zhumabai Uulu's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that Petitioner's position has merit and a forfeiture of any argument that they might have made against it. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1 (C.D. Cal. Sep. 18, 2026). Consequently, the Court could grant

the petition on this basis alone.[1] The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

Petitioner Nurakhmed Zhumabai Uulu is a native and citizen of Kyrgyzstan. (Dkt. # 1 at 4.) He is detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, in Respondents' custody. Petitioner entered the United States on February 18, 2024, near Tecate, California. (*Id.* at 2.) He was issued an order of release on recognizance ("OREC") on February 20, 2024, and was released from custody. (*Id.*) Petitioner has a pending asylum application and was granted employment authorization while waiting for the final adjudication of the application. (*Id.* at 7.) His initial hearing is scheduled for December 29, 2027, in the Chicago immigration court. (*Id.*) Since his release from ICE custody in 2024, Petitioner not only applied for asylum and obtained employment authorization, but has also been attending school while working lawfully. (*Id.*) Petitioner has no known criminal record. (*Id.*) Based on his unrebutted allegations, the Court concludes that Petitioner's petition demonstrates a basis for release under the Due Process Clause, *see, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025); *Carrero Sanchez v. Warden*, No. 2:26-cv-3986-TMC, dkt. # 9 at 3 (W.D. Wash. Nov. 16, 2026).

The Court thus concludes that the government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process and that Petitioner has shown by a preponderance of the evidence that his immigration detention is unlawful.

[1] "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).

Accordingly, the Court GRANTS in part the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release Petitioner **no later than November 25, 2026**, on conditions not to exceed the terms of his initial OREC; and

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this Order;

(3) Petitioner's request for injunctive and declaratory relief (dkt. # 1 at 14) is DENIED without prejudice as unbriefed.

Dated this 24th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge